IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-488-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MELISSA ELIZABETH CHACONA, )<br>)<br>Defendant. ) | **ORDER** |

On November 9, 2020, defendant Melissa Elizabeth Chacona ("Chacona" or "defendant") moved to dismiss the indictment for exceeding the Commerce Clause [D.E. 28]. Chacona also moved to dismiss counts 17 through 32 of the indictment for lacking particularity or, alternatively, for a bill of particulars [D.E. 29]. On November 23, 2020, the government responded in opposition to Chacona's motions [D.E. 30, 31]. As explained below, the court denies Chacona's motions.

I.

The indictment alleges that between January and April 2019, Chacona stole and tampered with vials of fentanyl, morphine, and meperidine while working as a nurse at an orthopedic medical office in the Eastern District of North Carolina. See [D.E. 1]; [D.E. 28] 1–2; [D.E. 30] 1. Chacona allegedly used her access to her employer's controlled substances supply room to steal narcotics for her personal use. See [D.E. 1]; [D.E. 28] 1–2. The indictment also alleges that an investigation revealed that numerous vials of fentanyl, morphine, and meperidine had been pierced by syringes, and that many of those vials had been injected with a saline solution after their original contents were removed. See [D.E. 1]; [D.E. 28] 1–2. Records produced during discovery indicate that before Chacona allegedly stole and tampered with these narcotics, they were shipped from Indiana and

South Carolina to North Carolina. See [D.E. 28] 1–2; [D.E. 30] 3. Moreover, those records indicate that Chacona's employer took remedial actions to replace the stolen or tampered-with narcotics, ordering new vials of fentanyl, morphine, and meperidine from companies based in New York, South Carolina, and Indiana which were then shipped to North Carolina. See [D.E. 30-1, 30-2].

On December 11, 2019, a grand jury returned a 32-count indictment against Chacona. See [D.E. 1]. Counts one through sixteen charged Chacona with violating 18 U.S.C. § 1365(a)(4) and alleged that:

> Beginning on a date unknown to the Grand Jury, but no later than in or around January 2019, and continuing until on or about April 4, 2019, in the Eastern District of North Carolina, the defendant ... with reckless disregard for the risk that another person would be placed in danger of bodily injury, and under circumstances manifesting extreme indifference to that risk, tampered with a consumer product, to wit: vials containing controlled substances ... that affected interstate commerce, by removing quantities of the substances and replacing it with another substance, each of which constitutes a separate count of this Indictment[.]

Id. at 1. The indictment then listed the sixteen vials of fentanyl, morphine, and meperidine with which Chacona tampered. See id. at 1–2.

Counts 17 through 32 charged Chacona with violating 21 U.S.C. §§ 843(a) and (d)(1) and alleged that:

> Beginning on a date unknown to the Grand Jury, but no later than in or around January 2019, and continuing until on or about April 4, 2019, in the Eastern District of North Carolina, the defendant ... did knowingly and intentionally acquire and obtain Controlled Substances, more fully described below, by deception and subterfuge, each of which constitutes a separate count of this Indictment[.]

Id. at 2. The indictment listed the sixteen vials of fentanyl, morphine, and meperidine which Chacona acquired or obtained by deception or subterfuge. See id. at 3. Chacona now challenges the constitutionality and the sufficiency of the indictment.

2

II.

Rule 12 provides a defendant with the ability to file a motion alleging "a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(B). To overcome a Rule 12 motion, the indictment must include every essential element of the offense. See United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014). "The sufficiency of an indictment is determined by practical, not technical, considerations." United States v. Sutherland, 656 F.2d 1181, 1197 (5th Cir. 1981). An indictment is adequate so long as it sufficiently apprises the "defendant [of] all that he needs to show for his defense[.]" United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990); see United States v. Missler, 414 F.2d 1293, 1297 (4th Cir. 1969). An indictment "must include every essential element of the offense," and it is "sufficient that an indictment set forth the offense in the words of the statute itself." Perry, 757 F.3d at 171; see United States v. Burks, 746 F. App'x 191, 198 (4th Cir. 2018) (unpublished). If the indictment meets this standard, it is "valid on its face" and the court may not "review the sufficiency of evidence" supporting the indictment. United States v. Wills, 346 F.3d 476, 488–89 (4th Cir. 2003). "A district court may dismiss an indictment under Rule 12 where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Engle, 676 F.3d 405, 415 (4th Cir. 2012) (quotation omitted); see United States v. Hill, 700 F. App'x 235, 236 (4th Cir. 2017) (unpublished). Moreover, "a court cannot grant the motion to dismiss under Rule 12 if a defendant's legal contentions are inextricably bound up with the facts of the case." United States v. Regaldo, 497 F. Supp. 3d 56, 58 (E.D.N.C. 2020) (alteration omitted).

Chacona argues that the court should dismiss the indictment because, as applied, sections 1365(a)(4) and 843(a) exceed Congress's legislative powers under the Commerce Clause and violate the Tenth Amendment. See [D.E. 28] 2–9. Chacona also contends that the court should dismiss

counts 17 through 32 of the indictment because they fail to allege the specific time, location, and deceptive conduct associated with these alleged violations and fail to state the specific subsection of section 843(a) Chacona is accused of violating. See [D.E. 29] 3–7.

A.

To the extent that Chacona challenges the indictment on Commerce Clause grounds, Chacona's argument asks the court to delve into the alleged facts of the case. See [D.E. 28] 5, 8. A court may rule on a Rule 12(b) motion only if "the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3); see Fed. R. Crim. P. 12(b)(1). Accordingly, a court may rule on a Rule 12(b) motion only if a "trial of the facts surrounding the commission of the alleged offense[s] would be of no assistance in determining the validity of the defense" or the indictment. United States v. Covington, 395 U.S. 57, 60 (1969); see United States v. Sampson, 898 F.3d 270, 281–82 (2d Cir. 2018); United States v. Ali, 557 F.3d 715, 719 (6th Cir. 2009).

Here, a trial will assist in determining the validity of the defense. Specifically, "because this is an as-applied challenge, whether [Chacona's] conduct sufficiently affects interstate commerce as to satisfy the constitutional limitations placed on Congress' Commerce Clause power may well depend on a consideration of facts, and because the facts proffered here may or may not be developed at trial, it is premature to determine the constitutional issues." Hill, 700 F. App'x at 237; see Engle, 676 F.3d at 415; Regaldo, 497 F. Supp. 3d at 58. Accordingly, the court denies Chacona's motion to dismiss the indictment on Commerce Clause grounds.

Alternatively, Chacona's Commerce Clause argument fails on the merits. Chacona argues that the indictment should be dismissed under Rule 12 for an "an infirmity of law in the prosecution." Engle, 676 F.3d at 415. Specifically, Chacona contends that, as applied, sections 1365(a)(4) and 843(a) exceed Congress's legislative powers under the Commerce Clause and violate

4

the Tenth Amendment because Chacona's conduct did not have a substantial effect on interstate commerce. See [D.E. 28] 2–9.

"The Constitution creates a Federal Government of enumerated powers." United States v. Lopez, 514 U.S. 549, 552 (1995); see United States v. Bollinger, 798 F.3d 201, 208 (4th Cir. 2015). Article I, section 8, clause 3 of the Constitution specifically empowers Congress "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3; see Bollinger, 798 F.3d at 208. Under the Supreme Court's Commerce Clause jurisprudence, "Congress is limited to regulating three broad categories of interstate activity: (1) 'the use of the channels of interstate commerce,' (2) 'the instrumentalities of interstate commerce, or persons or things in interstate commerce,' and (3) 'activities that substantially affect interstate commerce.'" Bollinger, 798 F.3d at 209 (quoting Lopez, 514 U.S. at 558–59). In limiting federal authority to these categories, the Supreme Court has invoked the principles of federalism and the view that "Congress's interstate power must be 'read carefully to avoid creating a general federal authority akin to the police power.'" Id. at 211 (quoting Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 536 (2012)).

Where a statute contains a jurisdictional element that requires the government to prove an interstate nexus, that statute complies with the Commerce Clause because the statute is limited to reaching only conduct that interferes with or affects interstate commerce. See United States v. Hill, 927 F.3d 188, 205–06 (4th Cir. 2019); United States v. Carr, 652 F.3d 811, 813 (7th Cir. 2011); Brzonkala v. Va. Polytechnic Inst. & State Univ., 169 F.3d 820, 831 (4th Cir. 1999) (en banc), aff'd sub nom. United States v. Morrison, 529 U.S. 598 (2000). Additionally, where Congress could rationally conclude that an individual's conduct, extrapolated and aggregated, would have a substantial effect on supply and demand in a national market for a commodity, Congress may

5

regulate that conduct under the Commerce Clause. See Gonzales v. Raich, 545 U.S. 1, 18–19 (2005); Wickard v. Filburn, 317 U.S. 111, 127–29 (1942); Brzonkala, 169 F.3d at 831.

Section 1365(a)(4)—unlike section 843(a)—contains a jurisdictional element, i.e., it applies only where an individual "tampers with any consumer product that affects interstate or foreign commerce." 18 U.S.C. § 1365(a) (emphasis added). Accordingly, because section 1365 requires the government to prove that Chacona's alleged conduct has an interstate nexus, the court rejects Chacona's Commerce Clause challenge to counts one through sixteen. See Hill, 927 F.3d at 205–06; Carr, 652 F.3d at 813; Brzonkala, 169 F.3d at 831.

Additionally, sections 1365(a) and 843(a) explicitly regulate conduct related to controlled substances. See 18 U.S.C. § 1365(a); 21 U.S.C. § 843(a). Controlled substances, both legal and illegal, are "fungible commodit[ies] for which there is an established . . . interstate market." Gonzales, 545 U.S. at 18. As applied, sections 1365(a) and 843(a) do not exceed Congress's legislative powers under the Commerce Clause because Chacona's alleged conduct interfered with controlled substances in interstate commerce by stealing and tampering with them before they reached the end user, i.e., the patient. See, e.g., United States v. Gonsalves, 435 F.3d 64, 71 & n.2 (1st Cir. 2006). Moreover, Chacona's alleged conduct evinced a substantial effect on interstate commerce by requiring her employer to order new vials of the controlled substances Chacona stole and tampered with, thereby affecting supply and demand for narcotics in a way that Congress could rationally conclude that if extrapolated and aggregated would significantly affect the market for controlled substances. See Gonzales, 545 U.S. at 19; Wickard, 317 U.S. at 127–29; Hays v. United States, 397 F.3d 564, 568 (7th Cir. 2005); United States v. Moyer, 182 F.3d 1018, 1021 (8th Cir. 1999); Brzonkala, 169 F.3d at 831; cf. United States v. Levine, 41 F.3d 607, 612–14 (10th Cir. 1994), abrogated on other grounds by United States v. Cotton, 535 U.S. 625 (2002). Accordingly,

6

the court rejects Chacona's Commerce Clause challenge.[1]

B.

Chacona also moves to dismiss the indictment on grounds that the indictment fails to allege with particularity counts 17 through 32. See [D.E. 29] 3–6. Specifically, Chacona argues that the indictment is insufficient because it fails to allege a specific time and location for the offenses, specific deceptive conduct, and the specific subsection of section 843(a) that Chacona violated. See id.

Federal Rule of Criminal Procedure 7(c) requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). It is "sufficient that an indictment set forth the offense in the words of the statute itself." Perry, 757 F.3d at 171; see Burks, 746 F. App'x at 198. If the indictment meets this standard, it "is valid on its face" and the court may not "review the sufficiency of evidence supporting" the indictment. Wills, 346 F.3d at 488–89; see Burks, 746 F. App'x at 198. "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006) (quotation omitted); see United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir. 1994). Additionally, an indictment need not allege a precise location for an offense, but rather need only allege the state and district in which the defendant committed the alleged offenses. See United States v. Poe, 81 F.3d 152, 1996 WL 139200, at *2 (4th Cir. 1996) (per curiam) (unpublished table decision); United States v. Grossman, 400 F.2d

---

[1] The court also rejects Chacona's argument that the indictment violates the Tenth Amendment. "If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States." New York v. United States, 505 U.S. 144, 156 (1992); Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc., 106 F.3d 1146, 1157 (4th Cir. 1997), abrogated on other grounds by Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012).

7

951, 953 & n.2 (4th Cir. 1968); United States v. Kwang Hee Kim, No. 1:12cr280 (JCC), 2012 WL 5879830, at *3 (E.D. Va. Nov. 20, 2012) (unpublished).

As for Chacona's contention that the indictment fails to identify a specific date and location for her alleged offense conduct, a particular date is not a substantive element of crimes charged under sections 1365(a)(4) and 843(a). See 18 U.S.C. § 1365(a); 21 U.S.C. § 843(a). The indictment alleges that Chacona committed the offenses "[b]eginning on a date unknown . . . but no later than in or around January 2019, and continuing until on or about April 4, 2019." [D.E. 1] 2, 3. Although the indictment does not allege with absolute precision the dates of Chacona's offense conduct, this failure does not render Chacona's indictment insufficient. See Smith, 441 F.3d at 261. Likewise, the indictment's allegations that Chacona committed the offenses "in the Eastern District of North Carolina," [D.E. 1] 2, satisfies the minimum requirement that the indictment identify the state and district in which the offense conduct occurred. See Poe, 1996 WL 139200, at *2; Grossman, 400 F.2d at 953; Kwang Hee Kim, 2012 WL 5879830, at *3.

As for Chacona's argument that the indictment fails to allege the specific deceptive conduct or specific subsection of section 843(a) that Chacona violated, the indictment describes Chacona's alleged violation of section 843(a) in the words of subsection (3) itself: "C[hacona] did knowingly and intentionally acquire and obtain Controlled Substances . . . by deception and subterfuge. . . ." [D.E. 1] 2; see 21 U.S.C. § 843(a)(3) ("It shall be unlawful for any person knowingly or intentionally . . . to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge[.]"). Additionally, the indictment identifies the specific vials of fentanyl, morphine, and meperidine that Chacona is alleged to have acquired or obtained by deception or subterfuge. See [D.E. 1] 2, 3. Accordingly, the court rejects Chacona's argument that the indictment does not identify the specific subsection of section 843(a) with which Chacona is charged.

8

Moreover, because the indictment uses section 843(a)(3)'s statutory language and lists the time period, location, and vials of controlled substances Chacona is alleged to have acquired or obtained by deception or subterfuge, the indictment comports with Rule 7(c). See Fed. R. Crim. P. 7(c); Perry, 757 F.3d at 171; Burks, 746 F. App'x at 198; Wills, 346 F.3d at 488–89. Thus, the court declines to dismiss counts 17 through 32 of the indictment.

C.

Alternatively, Chacona moves for a bill of particulars. See [D.E. 29] 7–8. Under Federal Rule of Criminal Procedure 7(f), a "court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is "to fairly apprise the defendant of the charges against [her] so that [she] may adequately prepare a defense and avoid surprise at trial." United States v. Automated Med. Lab'ys, Inc., 770 F.2d 399, 405 (4th Cir. 1985); see United States v. Farah, 475 F. App'x 1, 4 (4th Cir. 2007) (unpublished). However, "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial." Automated Med. Lab'ys, Inc., 770 F.2d at 405; see United States v. Fletcher, 74 F.3d 49, 53 (4th Cir. 1996). Where the government provides the defendant with extensive pretrial disclosure of its evidence supporting the charges alleged in an indictment, a court may deny a bill of particulars. See United States v. Parker, 91 F.3d 135, 1996 WL 383916, at *2 (4th Cir. 1996) (per curiam) (unpublished table decision); United States v. Soc'y of Indep. Gasoline Marketers of Am., 624 F.2d 461, 466 (4th Cir. 1979); United States v. Schembari, 484 F.2d 931, 934–35 (4th Cir. 1973).

In light of the details contained in the indictment, including the approximate time and location of the offense conduct, a list of the specific vials of controlled substances Chacona allegedly stole or tampered with, the use of sections 1365(a)'s and 843(a)'s statutory language, and citations to the statutes themselves, the indictment provides Chacona with sufficient information to prepare

9

her defense and avoid surprise at trial. See Farah, 475 F. App'x at 4; Automated Med. Lab'ys, Inc., 770 F.3d at 405. Moreover, the government has provided Chacona with extensive pretrial discovery, including investigative summaries, financial records, photos, laboratory reports, and witness interviews. See [D.E. 29] 5–6; [D.E. 31] 5–6; Parker, 1996 WL 383916, at *2; Soc'y of Indep. Gasoline Marketers of Am., 624 F.2d at 466; Schembari, 484 F.2d at 934–45. Accordingly, the court denies Chacona's motion for a bill of particulars.

III.

In sum, the court DENIES defendant's motions to dismiss the indictment [D.E. 28, 29] and DENIES defendant's motion for a bill of particulars [D.E. 29].

SO ORDERED. This 6 day of July 2021.

JAMES C. DEVER III
United States District Judge